(Decided 8th March, 1876.)

---

ELISHA S. HEATH and HARRIET S. HEATH *vs.* JAMES E.
TYLER.

*Mechanics' Lien—Construction of sec. 23 of Art. 61 of the Code,
relating to Mechanics' liens—Time within which Liens must
be filed.*

W. as the owner and builder of certain houses in the city of Baltimore, sold
one of them to H. in the month of January, 1874, before it was completed.
On the 28th of March, 1874, the house was completed.   On the 8th of
April, 1874, T. who had furnished materials for the construction of the
houses, delivered a small additional lot of lumber to the house which

H. had purchased. This lumber was not used upon the house and was furnished by arrangement between W. and T. without the knowledge of H. *and for the purpose of preserving the right of lien.* Upon a bill in equity filed by T. to enforce his lien against the house of H. it was HELD:

That the lumber so furnished on the 8th of April, was not a proper item for allowance.

Under sec. 23 of Art. 61 of the Code, the mechanic and workman has his lien for six months after his work has been finished, and the material man for six months after the material has been furnished.

The lien claim of a material man filed more than six months after the last item in his bill was furnished, although within six months after the completion of the building, is filed too late.

APPEAL from the Circuit Court of Baltimore City.

This is an appeal from a decree of the Court below, adjudging the appellee, the complainant, to be entitled to a lien upon the house of the appellant, Mrs. Heath, for materials furnished by him. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, BRENT, GRASON, MILLER and ALVEY, J.

*Henry Stockbridge,* for the appellants.

The lien was invalid to affect the rights of the appellants, because it was not filed within the time limited by law for the filing of such claims. The Act requires that the lien, to have any validity, shall be filed, "at or before the expiration of six months after the work has been finished or the materials furnished." *Art. 61, sec. 23, of the Code.*

In this case but one item charged in the bill was furnished within that period. This was the item of April 8th, 1874, and it was not furnished for erecting or repairing said house, but, "for the purpose of reviving or keeping alive a right of lien"—"in order that the right of

lien might not run out." This delivery was evidently not *bona fide* for the purpose of the erection of the house, but was collusive and fraudulent as against the owner of the property ; and where material is delivered to a house which is not wanted for its erection, and is not used in it, it will give no right of lien unless it is delivered in good faith on the part of the vendor of the material. This is the clear intimation in *Greenway vs. Turner*, 4 *Md.*, 297.

Especially must this be the case when the material is furnished after a long interval, and after other rights have intervened as in this instance. *Ortwine vs. Caskey & Thomas*, 43 *Md.*, 134.

But if the delivery of material on the 8th of April, 1874, did not give a right of lien, none existed in this case, unless the law gives such right to a material man for *six months after the completion of the house, irrespective of the time at which he furnished material.*

This was the construction put upon the law by the Judge of the Circuit Court in deciding this cause. He sustained the lien solely upon the ground that it was filed " within six months from the completion of the house ;" and upon the theory that the point from which the time for filing a lien, *by a material man*, is to be measured, is the day of the completion of the house, and not the day of the furnishing of the material by him.

The phraseology of section 23 of Article 61 of the Code, marks two distinct points of time, from which the running of the right of lien is to be computed. The time when the material is furnished, and the time when the work is finished are *different* times, and (in the case of lumber at least,) can never *ex necessitate rei,* be the same time. There must always be work done after the last material is furnished. The time when "the work is finished " is always necessarily subsequent to the time when " material is furnished." A construction of the law therefore, which extends the time for filing his lien by a material man until

"six months after the completion of the house," is a construction that makes all possible liens upon a building run from one and the same time, and not from different times, that ignores the clause "or the materials furnished," and makes it read as though that clause was no part of the law, and it is a violation of the canon that "the whole statute is to be taken together," and "it is to be so construed as to give force and effect to every part." *Sedgwick on Stat. & Const. Law*, 238.

Force and effect are given to both these clauses as soon as they are construed as required by the rest of the statute.

The statute gives a lien (sec. 1,) to two different classes of persons—viz., those who do work, and those who furnish material. These two classes are carried on distinctly, through all the sections of the statute. They are both provided for in the 23rd section, and the workman is given his lien for six months after his work has been finished,—the material man for six months after his material has been furnished. This is the plain, obvious, common sense construction, and is that which is required by the Supreme Court of the United States when it says, " All laws should receive a sensible construction." *United States vs. Kirby*, 7 *Wall.*, 486.

*James Pollard* and *Orville Horwitz*, for the appellee.

The lien was filed in time. By the Code of Public General Laws, Mechanics' Lien, section 23, Tyler had six months after the work was finished or the materials furnished. The time fixed by Reinhart when he completed the carpenters' work was March 28th, 1874. Mr. Tyler says it was not finished when he had the conversation with Wilson, between the first and eighth of April. The lien was filed for record, June 2nd, 1874, less than three months from the earliest date of the completion of the house fixed by the witnesses. The lien was in ample

time; see *Okisco Co. vs. Mathews,* 3 *Md.,* 168; *Baker vs. Winter,* 15 *Md.,* 1.

GRASON, J., delivered the opinion of the Court.

The bill of complaint in this case was filed for the sale of Mrs. Heath's house, No. 597 Lexington Street, against which the appellee had filed a mechanics' lien on the second day of June in the year 1874. The proof shows that Joseph G. Wilson was the owner and builder of a row of four houses on Lexington Street, numbered 595, 597, 599 and 601, and that the appellee furnished the lumber for them upon Wilson's order as it was needed for the houses. The last item of lumber which was furnished for these houses, was delivered on the 11th day of August, 1873. The appellee had been furnishing lumber to Wilson for other houses also, and in April, 1873, Wilson conveyed to Tyler, the appellee, No. 601, one of the four houses on Lexington Street, the net purchase money of which amounted to $8837.69, after the appellee had deducted from the price to be paid what it cost him to finish the house after the purchase. This sum was deducted from the sum then due by Wilson to the appellee, made up of balances due for lumber furnished for other houses, as well as for the four houses on Lexington Street, and the balance remaining due to the appellee was the sum for which the lien in this case was filed against No. 597, the house of the appellants. In January, 1874, Wilson conveyed house 597 to the appellants, who took possession of it and rented it to Wilson. It further appears in proof, that Tyler was anxious to have payment of the balance due him amounting to a little over nine hundred dollars, and spoke to Wilson about it, and it was arranged between them that he should furnish more lumber for the house 597 so as to preserve the right of lien, and accordingly a small lot of flooring was sent to the house and receipted for by Mrs. Wilson, the price of the lumber thus sent amount-

ing, with the charge for hauling, to $8.49. It appears that the appellants had no knowledge of this transaction whatever, and it took place months after the house had been conveyed by Wilson to the appellants, and after the appellee had knowledge of the conveyance. There is no proof that this lumber was needed to finish the house, or that it was ever used in its construction. On the contrary, the proof shows that it could not have been so used, for the carpenter who did the work, testifies that he finished the house on the 28th day of March, a week or ten days before this flooring was delivered. The Court below, very properly rejected this charge and deducted the amount from the account, because the lumber was furnished merely to keep alive the lien ; but sustained the lien because it had been filed within six months from the date of the completion of the building.

The 23rd section of Article 61 of the Code provides that, "Every such debt shall be a lien until after the expiration of six months after the work has been finished, or the material furnished, although no claim has been filed therefor, but no longer, unless a claim shall be filed at or before the expiration of that period." This section has reference to two distinct points of time from which the continuance of the right of lien exists ; first, the time when the material is furnished, second, the time when the work is finished. These times are, from the necessity of the case, different times ; for the materials must be furnished before the work can be done. A construction of the section, which would extend the time for filing a lien by the material man for six months "after the work has been finished," would make all liens upon buildings run from the same time, and not from different times, and would render utterly useless and inoperative the words, "or the material furnished." This would be a violation of the rule "that the whole statute is to be taken together," and be "so construed as to give force and effect to every part."

*Sedgwick on Stat. & Const. Laws*, 238.   The statute gives the right to a lien to two classes of persons, first, to those who do the work, and second, to those who furnish materials, and they are both provided for in the 23rd section. The mechanic and workman has his lien for six months after the work has been finished, the material man for six months after the material has been furnished.   This is obviously the true construction of the 23rd section, and the Court below erred in holding, that a material man was given a lien for six months after the completion of the building.   In this case the last lumber, which could possibly have been used in the construction of the appellant's house was furnished more than nine months before the lien was filed, and, therefore, the appellee's right to a lien was lost.

.   The decree appealed from will be reversed and the bill of complaint dismissed.

> *Decree reversed, and*
> *bill of complaint dismissed.*

(Decided 8th March, 1876.)