JOSHUA HOOKER, EDWARD G. HOOKER and FRANK-
LIN WHITTAKER *vs.* EDWIN L. SAWYER.

*When a Bill of Exceptions will not be Reviewed on appeal.*

A bill of exceptions prepared and signed, not only after the expira-
tion of the term at which the trial was had, but after two other
terms had passed, and a third term had begun, and without the
consent of the adverse counsel, and the Court not having passed an
order extending the time for its preparation, will not be reviewed
on appeal.

APPEAL from the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., GRASON, MIL-
LER, ALVEY, ROBINSON, IRVING, RITCHIE and MAGRUDER, J.

*William Young,* and *Stevenson Archer,* for the appel-
lants.

*Herman Stump, Jr.,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This cause was tried on the nineteenth day of August,
1878, during the May Term and session of the Circuit
Court for Harford County.   On that day, the judgment
appealed from was rendered by the Court, the same hav-
ing been tried before the Court without the intervention
of a jury.   On the same day, both the record sent up, and
a copy of the docket entries, which, by agreement, sup-
plement the record, show there was a "demurrer" to evi-

dence, which was overruled by the Court. The appellee contends that this demurrer or objection to the evidence, did not come in time to be made the subject of exception, and insists that the docket entries so establish. We do not find it necessary to settle this contention; for whether such was or was not the case, the exceptions were not prepared and signed in time to entitle the appellants to a review in this Court.

It appears that the exceptions were signed by the Judge on the tenth day of June, 1879, and they were filed in the cause on the next day. The appeal was taken, and the affidavit that it was not taken for delay, was made on the 14th of December, 1878; nearly six months before the exceptions, on which the appeal is based, were signed by the Judge. In certifying the exceptions, the Judge says: "The demurrer being overruled, and the verdict and judgment of the Court being for the plaintiff, the defendants except, and pray the Court to sign and seal this, their bill of exceptions, which is accordingly done, this tenth day of June, 1879, as of the 19th of August, 1878; and I hereby certify, that the delay in making out and sending up the record, is not attributable especially to the defendants, the Court not being able, from delays in getting counsel together, to pass upon the bill of exceptions; and I further certify that this bill of exceptions is signed without the consent of the plaintiff's counsel."

From the record, it is thus apparent, that the bill of exceptions was prepared and signed, not only after the expiration of the term, at which the trial was had, but after two other terms had passed, and a third term had begun. It is also expressly certified by the Court, that the exceptions were signed at that time without the consent of the plaintiff's counsel. In *Wheeler vs. Briscoe,* 44 *Md.,* 312, this Court, quoting *Bradstreet's Case,* 4 *Peters,* 102, say, that "the practice to sign it, (bill of exceptions,) after the term, must be understood to be a matter

of *consent* between the parties, unless the Judge has made an express order in the term, allowing such a period to prepare it;" and as the term had elapsed, another term had intervened, and there was no consent of adverse counsel, nor express order of Court, it was held the exceptions came too late, and the judgment was affirmed. This decision, and the principles settled in the several cases there cited, and to which we refer, must control the disposition of this case. There was no consent of the adverse counsel. No order of Court giving such time for the completion of the exceptions appears in the record, and the docket entries make no mention of such order having passed. The existence of such order is, by implication, denied in the excuse assigned by the Judge for the delay. In the face of such evidence, that there was no order, we cannot presume it to exist.

It is clear, therefore, that the bill of exceptions came too late to justify our reviewing any of the questions presented in the briefs, on which the case was submitted.

*Judgment affirmed.*