### ABEL *v.* OPEL and Wife.

TENDER.—The tender of an amount of money in discharge of a debt is an admission of the amount due, but is not conclusive, and if too much has been tendered, no obligation is created to pay or keep good the whole amount tendered.

APPEAL from the *Dubois* Circuit Court.

FRAZER, J. — *Opel* and wife brought suit against *Abel*, to compel the entry of satisfaction of a mortgage. The complaint alleged that the defendant held a note of *Opel* for $1440, due *March* 25, 1864, and a mortgage on real estate, to secure the same; that the consideration of the note was an indebtedness of $600, and a loan of $500, with interest thereon, at 10 per cent per annum, added for three years. It was sought to avoid so much of the interest as exceeded the rate of six per cent per annum, and it was alleged that, on the 19th of *May*, 1864, the sum of $1309 had been tendered and refused, and that sum was brought into court. After a demurrer to the complaint had been overruled, an issue was made by a general denial of the complaint, which was found for the plaintiffs; and, over a motion for a new trial, there was judgment upon the finding.

1. Was the complaint sufficient? There is in it an averment in this language: "That at the *time* said note and mortgage became due, to-wit: on the 25th day of *March*, 1864, the said defendant was entitled to recover of the plaintiff thereon, only the amount of $1298, as principal due on said note and mortgage with three years' interest, at the rate of six per cent. per annum." It is urged that the meaning of this is, that there was, at the date mentioned, the sum of $1298 due as principal, and that interest on that sum, at 6 per cent. per annum, was also due. And it is argued that, therefore, $1309, on the 19th of *May*, 1864, was not a sufficient tender. We cannot assent to the justice of this criticism. The language quoted, taken alone, will not,

without interpolating a punctuation not required by its grammatical construction, and not found in the transcript, bear the interpretation contended for by the appellant; but when the whole complaint is considered, its meaning is so obvious that the question thus made upon it is too plain for fair controversy. The action of the court below, upon the demurrer, was certainly correct.

2. The evidence established the fact that the sum of $1440 was tendered; in all other respects, the allegations of the complaint were precisely sustained. It is contended that, after a tender of $1440, relied on in evidence, it was not sufficient to bring into court only $1309; and that the tender was an admission that the sum tendered was due, and that, therefore, the court ought to have found that sum to be due, instead of the sum of $1309. It is true that the tender was an admission of the amount due; but that admission was not conclusive evidence, excluding the consideration of all other evidence upon the subject. The proof was clear that $1309 was the amount actually due when the tender was made. Nor can we agree that if too much be tendered, any legal obligation is thereby created to pay, or keep good, the whole amount so tendered.

The note secured by the mortgage was not offered in evidence. We do not think it was necessary that the plaintiffs, in this case, should do so. The mortgage was put in evidence, and it contained a description of the note sufficient for all the purposes of the case. Upon the whole, we think that the finding of the court below was in accordance with the evidence.

The judgment is affirmed with costs.

*J. Baker*, for appellant.

*J. C. Denny*, for appellee.