R. W. H. FEIMSTER v. R. W. JOHNSON and W. D. HALL.

A whiskey still was hired for the season, to parties who set it up, encased in masonry, upon the lands of one of them; during the season, it was sold by the owner to the plaintiff; shortly afterwards it was levied upon, and, after the close of the season, and whilst it was still encased as above, was sold, by one of the defendants as a constable, at the instance of the other (who became purchaser,) under a judgment against the former owner : *Held,*

1. That the defendants were liable to the plaintiff in an action of *trover*.

2. That the doctrine of *fixtures* had no application, under the circumstances.

TROVER, tried before *Mitchell, J.,* at Fall term 1869, of IREDELL Court.

The facts were ; that the defendant Johnson, and one Long, intending to distil whiskey, hired a still from one Guy, its owner, for the Winter and Spring of 1866 ; they removed it to the land of Johnson, and set it up encased in masonry, in the usual way ; there it remained until the *conversion* complained of ; on the 27th of February 1866, the plaintiff bought the still from Guy, and notified the bailee Long, that he had done so ; in April 1866, the defendant Hall levied on the still, as the property of Guy, by virtue of an execution in favor of the other defendant Johnson ; in May, Long and Johnson ceased their operations as distillers ; in June, the still was sold under the execution, and bought by Johnson, the plaintiff being present and forbidding such sale, and demanding possession, which was refused.

The defendant asked his Honor to instruct to jury :

1. That as the still was then affixed to the realty, the sale by Guy to Feimster was void under the Statute of Frauds.

2. That, for the same reason, it was not subject to be sold in the manner that it was, by the constable.

The Court instructed the jury, that if they believed the evidence, the plaintiff was entitled to their verdict.

Verdict for the plaintiff; Rule &c. ; Judgment, and Appeal.

*Furches,* for the appellant.
*Clement and W. P. Caldwell, contra.*

SETTLE, J.  The still in controversy was hired by Long
and Johnson from the owner Guy, for the purpose of distill-
ing whiskey during the Spring of 1866.  This was a con-
tract of bailment, and gave the bailee the possession and
temporary use of the still, but did not divest the owner of
his title, or prevent him from selling the property.  In a
short time after this transaction, Guy sold the still, for a
valuable consideration, to the plaintiff.  This sale transferred
the title to the plaintiff, and authorized him to take posses-
sion of the still, when the temporary bailment was ended.
The plaintiff, soon after his purchase, notified Long of the
fact, who made no denial of his claim.  In April 1866, the
still was levied upon by the defendant Hall, at the instance
of the defendant Johnson, and sold at public sale to the
defendant Johnson, after the time of the bailment had expired;
the plaintiff being present, and forbidding the sale.  This
sale was an unlawful conversion of the property of the
plaintiff, and gave him a good cause of action against the
defendants.

It was insisted by the defendant, that, as the still' was
encased in masonry on the land of Long, it was a fixture;
and the sale by Guy to the plaintiff was void, because the
contract was not in writing, as required by the Statute of
frauds.  The doctrine of fixtures has no application to the
case.  Long, the owner of the land upon which the still was
placed, makes no such claim; but if he did, it could not be
maintained.  A and B rent the still of C, to be used for a
short time; they set it up on the land of A, and then B
turns around and says that it is now affixed to the freehold
of A and therefore C has lost all of his interest therein, and
that *he,* who owns neither land nor still, can assert it.  This car-
ries the doctrine of fixtures to a greater extent than has ever
been claimed for it before.  As a general rule, whatever is at-

tached to land is understood to be a part of the realty; but as this depends, to some extent, upon circumstances, the rights involved must always be subject to explanation by evidence.

Whether a thing attached to land be a fixture or chattel personal, depends upon the agreement of the parties, express or implied. *Naylor* v. *Collins,* 1 Taunt. 19; *Pervy* v. *Brown,* 2 Stark. 403; *Wood* v. *Hewitt,* 55 E. C. L. 913.

A building, or other fixture which is ordinarily a part of the realty, is held to be personal property when placed on the land of another by contract or consent of the owner: 1 Greenl. Cruise 46.

There certainly was an understanding between the lessor and the lessee, that the still should not become a part of the realty, but should retain its character as personalty, and remain the property of the lessor.

The first position of the defendant is only surpassed in boldness by his second, which is, that the still was not the subject of sale by a constable. It is difficult to treat the matter gravely, when we remember that the still was levied on by the defendant Hall, at the instance of the defendant Johnson, and that the defendant Johnson became the purchaser at the sale, when the plaintiff was present, doing all in his power to prevent it.

There is no error in the charge of his Honor, and the judgment must be affirmed.

PER CURIAM. Judgment affirmed.