Soper, *et al. vs.* Jones, Jr. & Co.

*Judgment reversed.*

(Decided 29th June, 1881.)

SAMUEL J. SOPER, and others, trading as SAMUEL J. SOPER & SON *vs.* RICHARD I. C. JONES, JR., trading as R. I. C. JONES, JR. & CO.

*Bill of Exceptions—Appeal—Count in Contract, and not in Tort—Words rejected as Surplusage—Plea of Tender—Formal traverse—Waiver—Intendment—Defect in Pleading cured by Verdict—Bad plea of Tender—Insufficient ground to Arrest a judgment.*

A bill of exceptions not signed until after the term at which the trial was had, was fully ended, and another term of the Court had intervened, will not, in the absence of consent of counsel, and order of Court providing for the delay, be considered on appeal.

In an action brought to recover on an alleged breach of contract, the plaintiff charged that the defendants, who were auctioneers, con-

tracted to sell for him, certain wines and liquors at specified prices, or for an advance on the prices named, but not to sell for less than the price named; and that in violation of the contract, which was verbal, they sold the same for a much smaller sum than that which had been agreed upon. The *fourth* count of the *narr.* alleged as follows: "And for that the plaintiff, on or about the 18th day of November, 1878, contracted with the defendants, to deliver to the defendants a certain other large lot of goods and merchandise which the defendants agreed to sell for the plaintiff, at a price not less than the price then agreed upon, to wit: the price of six hundred and fifty-seven dollars and fifty cents, and failing to sell said lot of goods and merchandise at the price agreed upon as aforesaid, the defendants agreed to return said lot of goods and merchandise to the plaintiff in a reasonable time, and that confiding in said agreement and promise of the defendants, the plaintiff did deliver the said lot of goods and merchandise to the defendants. And the said plaintiff in fact says: That although a reasonable time for the said defendants to sell, or return the said lot of goods and merchandise to the plaintiff as aforesaid, has long since elapsed, yet the said defendants not regarding their agreement as aforesaid, and contriving to injure and inflict a loss upon the plaintiff, have not, although often requested so to do, paid the said plaintiff the price for which the said goods and merchandise were contracted to be sold, or re-delivered the same or any part thereof to the said plaintiff, but have hitherto wholly refused, and still do refuse." HELD:

That the foregoing count was not a count in *tort*, but one in contract; that the words "and contriving to injure and inflict a loss upon the plaintiff" might be stricken from the count, and wholly disregarded, as surplusage.

Where after the filing of other pleas, a plea of tender is filed on the 7th of September, 1880, and the record certifies that on the 9th of September, 1880, "issue was joined on all the pleas," it may fairly be inferred, if a formal traverse was not filed, that it was entered short on the docket by verbal consent at the time; which would be a waiver of more regular and formal pleading. No intendment will be made to the contrary.

The absence of a formal traverse to a plea of tender, is a defect which is cured by verdict.

A plea of tender not accompanied by *profert in curia*, is bad.

To arrest a judgment for the want of a formal traverse to a plea of tender, which was badly pleaded, and when the amount stated in the plea as tendered, was not one-third of the amount, which the jury, upon the proof in the cause, found by their verdict to be due to the plaintiff, would be contrary to the law which makes it the duty of the Court to be solicitous to maintain rights, rather than to be astute to defeat them.

APPEAL from the Circuit Court for Howard County, on removal from the Baltimore City Court.

This action was brought by the appellee against the appellants, and the *narr.* alleged as follows:

*First.*—For that the defendants, who are associated together as co-partners in carrying on and conducting the business of auctioneers in the City of Baltimore, heretofore, to wit: on or about the eighteenth day of November, 1878, contracted with the plaintiff to sell for the plaintiff a certain large lot of goods and merchandise, of great value to the plaintiff, for a price then expressed and agreed upon, to wit: for the price of six hundred and fifty-seven dollars and fifty cents, or for an advance upon that price, but not to sell the said lot of goods and merchandise for a less price than the sum agreed upon, to wit: the price of six hundred and fifty-seven dollars and fifty cents, and the said plaintiff, in fact, says, that confiding in the said promise and agreement of the defendants, the plaintiff delivered the said lot of goods and merchandise to the defendants, and the defendants sold the said lot of goods and merchandise for a less price than the sum agreed upon.

*Second.*—And for that the defendants, who are associated together in conducting and carrying on business as stated in the first count, heretofore, to wit: on or about the eighteenth day of November, 1878, contracted with the plaintiff to sell for the plaintiff a certain other large lot of goods and merchandise of great value to the plaintiff, for a certain other price then expressed and agreed

upon, to wit: for the price of six hundred and fifty-seven dollars and fifty cents, or for an advance upon that price, and if the said lot of goods and merchandise could not be sold by defendants, at public auction, for the said price agreed upon, to wit: the price of six hundred and fifty-seven dollars and fifty cents, the defendants would return the said lot of goods and merchandise to the plaintiffs, or pay him for them the price of six hundred and fifty-seven dollars and fifty cents, and that confiding in said promise and agreement of the defendants, the plaintiff delivered to them the said lot of goods and merchandise. And the plaintiff in fact says, that the defendants did not return the said lot of goods and merchandise, or any part thereof, to the plaintiff, but sold the same for a less price than the sum agreed upon, and that the defendants, though thereunto often requested, have refused, and still do refuse, to pay to the plaintiff the price of said lot of goods and merchandise agreed to be paid, to wit: six hundred and fifty-seven dollars and fifty cents.

*Third.*—And for that the defendants heretofore, to wit: on or about the eighteenth day of November, 1878, bought of the plaintiff a certain other large lot of goods and merchandise for the price of six hundred and fifty-seven dollars and fifty cents, to be paid by the defendants to the plaintiff, when thereunto requested, and that confiding in said promise and agreement of the defendants, the plaintiff delivered to the defendants the said large lot of goods and merchandise. And the plaintiff in fact says, that though thereunto often requested, the defendants have refused, and still do refuse, to pay to the plaintiff the said price of the goods agreed to be paid as aforesaid.

*Fourth.*—And for that the plaintiff, on or about the eighteenth day of November, 1878, contracted with the defendants to deliver to the defendants a certain other large lot of goods and merchandise which the defendants agreed to sell for the plaintiff, at a price not less than the

price then agreed upon, to wit: the price of six hundred and fifty-seven dollars and fifty cents, and failing to sell said lot of goods and merchandise at the price agreed upon as aforesaid, the defendants agreed to return said lot of goods and merchandise to the plaintiff in a reasonable time, and that confiding in said agreement and promise of the defendants, the plaintiff did deliver the said lot of goods and merchandise to the defendants. And the said plaintiff in fact says: that although a reasonable time for the said defendants to sell, or return the said lot of goods and merchandise to the plaintiff as aforesaid, has long since elapsed, yet the said defendants not regarding their agreement as aforesaid, and contriving to injure and inflict a loss upon the plaintiff, have not, although often requested so to do, paid the said plaintiff the price for which the said goods and merchandise were contracted to be sold, or re-delivered the same or any part thereof to the said plaintiff, but have hitherto wholly refused, and still do refuse.

The jury rendered a verdict for the plaintiff. The defendants made a motion in arrest of judgment, which motion the Court overruled. Judgment was thereupon entered for the plaintiff. A bill of exceptions taken by the defendants is not inserted, as it was not considered by this Court. The defendants appealed.

The cause was argued before BARTOL, C. J., ALVEY, IRVING and MAGRUDER, J.

*Sebastian Brown,* for the appellants.

*Henry E. Wootton,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The question intended to be presented by the bill of exceptions, contained in the record of this cause, cannot

be considered, because the bill of exceptions was not signed until after the term at which trial was had, was fully ended, and another term of the Circuit Court for Howard County, where it was tried, had intervened. The Judges of that Court, by virtue of the power conferred by the twenty-first section of Article four of the Constitution of 1867, by rule of Court, dated the 18th of March, 1868, fixed the terms of the several Courts in the several counties of their circuit. This rule, which was subscribed by the several Judges, has been certified to us in the record by the clerk of the Circuit Court for Howard County, under the seal of that Court. It is true it appears in the record as having been put there at the request of the counsel of the appellee; but if we were to order testimony on the behalf of the appellee, in support of his motion, to which he would be entitled, the only proof we would get would be a certified copy of the rule subscribed by the Judges, which, properly certified, we already have. It is useless to go through this form to secure what we already have in the precise shape necessary to establish what are the terms of the Circuit Court for Howard County. According to the record, the case was tried and verdict was rendered at the September Term, 1880, of that Court, and on the tenth day of September. The exceptions were not signed till the nineteenth day of January following, (1881,) long after the December Term of the Court had begun.

There was no consent of counsel nor order of Court providing for the delay. It has been fully settled by this Court that such exceptions came too late. *Wheeler & Briscoe,* 44 *Md.,* 312 ; *Hooker vs. Sawyer, p.* 468, *ante.*

This appeal does, however, bring up for review the propriety of the Court's action in overruling the motion made by the appellants for the arrest of the judgment; appellants' counsel contends, that the judgment ought to have been arrested for two reasons, viz., 1. Because, as

he insists, the first count in the declaration is substantially a count in trover, the second and third in contract, and the fourth a count in *tort*, and therefore a misjoinder. 2. Because no replication was filed to the appellants' plea of tender.

From the record it appears, that the case grows out of an alleged breach of contract on the part of the appellants, who were defendants below, with the appellee, who was plaintiff. The appellee alleged, that the appellants, who were auctioneers, contracted to sell for the appellee, certain wines and liquors at specified prices, or for an advance on the prices named, but not to sell for less than the price named; and that in violation of the contract, (which was verbal,) they sold the same for a much smaller sum than that which had been agreed upon.

All the counts in the *narr.*, as we construe them, and as we think, according to our rules of pleading, which only require a plain statement of the cause of action, are upon this contract; and we do not think that by fair construction, the fourth count in the *narr.* can be regarded as a count in *tort*. There is an interjection of some unnecessary verbiage, which may be rejected without affecting the count in any way; but looking to the cause of action, which is really stated in the count, it is clear, that it is, and was intended to be, a count on the alleged contract between the parties. The words, "and contriving to injure and inflict a loss upon the plaintiff," may be stricken from the count and wholly disregarded as surplusage. In connection with what is properly stated, we cannot regard that language as wholly changing the form of action, and making a misjoinder of counts, as claimed. In *Charlotte Hall School vs. Greenwell*, 4 *Gill & Johnson*, 418, it is held that "an ambiguous expression in a declaration or replication is cured after verdict; and must be construed in that sense which will sustain the verdict." We do not think the first suggested grounds for arresting the judgment maintainable.

For a second ground of reversal, the appellants insist, that their plea of tender was not traversed, and therefore, there was no issue framed for the jury on that plea, and for that reason the judgment should be arrested.

The plea of tender was filed on the 7th of September, 1880, and the record certifies that on the 9th of September, 1880, issue was joined on all the pleas. The form of the pleading, by which the issue was made up, is not given; but the distinct statement of the record is that "issue was joined." If a formal traverse was not filed, it may fairly be inferred that it was entered short on the docket, by verbal consent, at the time; which would be a waiver of more regular and formal pleading. No intendment will be made to the contrary. In the *Charlotte Hall Case*, already cited, this Court said, "Courts will, and ought to be cautious, how they arrest judgments after verdict. They should intend nothing to overturn them, 3 *Burr.*, 1725; nor ought we to be called upon to be astute, to defeat rights, where the law makes it our duty to be solicitous to maintain them." A defect of like character existed in the pleading in *Cumberland & Penn. R. R. Co. vs. Slack*, 45 *Md.*, 178–9; but this Court held it was an informality which was cured by the parties going to trial on that state of the pleading. Its authority as applied to this case is not diminished by the fact, relied on by the appellants' counsel, that in that case there was no motion to arrest the judgment. In *Tyson vs. Richard*, 3 *H. & J.*, 115, there was a motion in arrest of judgment, and Judge BUCHANAN, speaking for the Court, in respect to the motion, said, "the not joining issue on the first and second replications was healed after verdict." The parties having gone to trial upon "issues joined," as indicated by the record, they must be held to have waived more formal pleading, and the verdict has cured the defect. The case of *Herbert vs. Wich*, 45 *Md.*, 471, relied on by the appellants, does not apply. That was an *ex parte*

Soper, *et al. vs.* Jones, Jr. & Co.

trial, and there could be no implied waiver, for there was no mutual submission to the jury upon the pleading which was in. There are, however, other and cogent reasons why the motion in this case was properly overruled.

At common law, a plea of tender, to be good, had to be accompanied by *profert in curia.* 6 *Bac. Ab., Tit. Tender.* In *Karthaus vs. Owings,* 6 *H. & J.,* 139, this Court so decided, and held a plea of tender to be bad for the want of such *profert in curia.* The plea in this case makes no such *profert;* and, according to the ruling in that case, is bad for that reason. The Circuit Court was therefore asked to arrest the judgment, for the want of a formal traverse to the plea of tender, which was badly pleaded; and moreover, the Court was asked to so rule, when the amount stated in the plea as tendered, is not one-third of the amount which the jury, upon the proof in the cause, have, by their verdict, found to be due to the plaintiff. We should fall far short of the rule of duty laid down in 4 *G. & J.,* 418, if, under such circumstances, we should arrest this judgment. The judgment will be affirmed.

*Judgment affirmed.*

(Decided 29th June, 1881.)