### J. H. LEE v. W. H. MANLEY.

(Filed 1 March, 1911.)

1. **Debtor and Creditor—Payment—Application.**

    When the debtor owes two debts, one secured and one not secured, his right to direct the application of a payment made to the creditor must be exercised at the time the payment is made.

2. **Same—Change—Consent of Debtor.**

    If a debtor fails at the time of payment to direct its application when he owes the creditor a secured and an unsecured debt, the creditor may apply it to either debt, or a part thereof to one and the remainder to the other; and when the application of the payment is once made by the creditor, the assent of the debtor is necessary for him to then change it.

3. **Debtor and Creditor—Payment—Application by Law.**

    When the debtor owes the creditor two debts, one secured and one not secured, and makes the creditor a payment without directing it to either debt, and the creditor himself does not make the application, the law will apply the payment to the unsecured debt.

4. **Debtor and Creditor—Mortgage—Proceeds—Payment—Application—Question for Jury.**

    When the debtor owes a debt secured by a chattel mortgage, and another debt not secured, and makes payment to his creditor, with a part of the proceeds of the property secured by the mortgage, of which the creditor was aware, the execution of the mortgage was an application of the payment upon the debt it secured, which the creditor cannot change without the debtor's consent, and upon conflicting evidence presents a case for the jury upon the issue.

5. **Debtor and Creditor—Mortgage—Tender—Payment—Application.**

    To make a good tender of payment of an amount secured by a mortgage, it is necessary for the debtor to allege and show, in addition to the offer, that he has at all times since the tender been ready, able, and willing to pay, and accompany the plea by payment of the money into court. *Dickerson v. Simmons*, 141 N. C., 330, where the tender was made upon the maturity of the debt; and *Smith v. B. and L. Assn.*, 119 N. C., 261, in relation to tender by a surety, cited and distinguished.

APPEAL by defendant from *Ferguson, J.,* at Fall Term, 1910, of HERTFORD.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

*No counsel for plaintiff.*
*R. C. Bridger for defendant.*

ALLEN, J. This is an action to recover possession of personal property, which the plaintiff claims by reason of a chattel mortgage executed to him by the defendant. The defendant, among other things, alleges in his answer: "That there is still due and owing on the mortgage described in the affidavit for the claim and delivery of personal property in this action, the sum of $6.59, and that said amount was duly tendered to plaintiff by the defendant's attorney on 8 December, 1909, with interest on said mortgage. Said tender is hereby pleaded in bar of further recovery in this action."

It was admitted on the trial that during the month of April, 1909, the defendant executed to the plaintiff a chattel mortgage to secure $100, and conveyed therein a brown mare and the crops raised by the defendant during said year. It was also admitted that during the summer of 1909 the defendant became indebted to plaintiff on account, which was unsecured, in the sum of $29.98, and that there was no agreement, at the time this debt was contracted, that it should be paid out öf the proceeds of the property in the mortgage, and the mortgage debt and the open account were not kept upon the books as a running account. The plaintiff admitted, upon his examination as a witness, that about the first of December, 1909, the defendant delivered to him peanuts, a part of the crop of 1909, raised by the defendant, and that he realized therefrom $93.41, which he applied first to the unsecured debt. The defendant introduced evidence that after the mortgage debt became due, he tendered payment of the remainder of said debt, after applying thereto the proceeds derived from the peanuts, and that the plaintiff refused to accept the same. He did not allege nor offer to prove that he had at all times been ready, willing, and able to pay, nor did he pay into court the amount he admitted to be due.

The plaintiff testified that the defendant agreed that the amount received from the sale of the peanuts should be applied first to the unsecured debt. The defendant denied this.

Two exceptions are presented by the record. The first is to the charge of the judge as to the application of the payment of $93.41, which is as follows: "That if plaintiff received the mortgaged property from defendant and sold the same, or retained the said property for his own use, the defendant had a right to direct its application, and if so directed by defendant, plaintiff would have to credit same to the secured debt; but if defendant failed to direct its application, then plaintiff could apply it to either claim as he might see fit; if neither the plaintiff nor defendant applied the payment, then the law would apply it to the most precarious debt—in the case at bar, the unsecured debt"; and the second is to the refusal to give the instruction asked by the defendant, as to the effect of a tender, which is as follows: "That if the jury shall find from the evidence that the defendant was entitled to be credited on the mortgage debt with the peanuts received by plaintiff, and if the jury shall further find from the evidence that the defendant through his attorney tendered balance due on the mortgage debt before the bringing of this suit, that said tender would be a discharge and release of the mortgaged property, and the jury should answer the first issue, $6.59, with interest."

The charge given by his Honor is erroneous. The question is fully discussed and the authorities collated in Cyc., vol. 30, p. 1228 *et seq.*

The general rule as to the application of payments is that the debtor has the right, in the first instance, to direct the application of a payment made to a creditor who holds a secured and an unsecured debt, and that this right must be exercised at the time the payment is made. *Miller v. Womble,* 122 N. C., 139. If the debtor does not exercise this right, the creditor may apply the payment to either debt (*Moss v. Adams,* 39 N. C., 43; *Sprinkle v. Martin,* 72 N. C., 92; *Young v. Alford,* 118 N. C., 220); or he may apply a part to one debt and the remainder to the other (*Young v. Alford, supra*); and he is not restricted to the time the payment is made. If, however, he

makes the application, he cannot change it without the consent of the debtor. Cyc., vol. 30, 1239, and note, where many authorities are collected. If neither the debtor nor the creditor makes the application, the law applies it to the unsecured debt. *Miller v. Womble, supra.*

It was this rule which the judge presiding undertook to enforce, but it has no application to the facts in this record. The payment in this case was a part of the proceeds of the property conveyed in the chattel mortgage, and the creditor knew this. The execution of the mortgage was an application of the property to the payment of the debt secured therein, and this could not be changed without the consent of the debtor. *Bonner v. Styron,* 113 N. C., 32. The plaintiff alleged that the defendant gave this consent, and the defendant denied it. This presented a question for the jury, which was withdrawn by the charge of his Honor.

It would not be necessary to consider the request to instruct the jury as to the effect of a tender, if it was not reasonably certain that the same question will be presented on another trial. We think the judge properly refused to give the instruction. The plea of tender is defective in that, in addition to alleging that he tendered the amount due, the defendant fails to allege that he has at all times since the tender been ready, able, and willing to pay, and in failing to accompany the plea by payment of the money into court; and the evidence in support of the plea is equally defective.

In *Dixon v. Clark,* 57 E. C. L. R., 376, *Wilde, C. J.,* announces the rule as follows: "The principle of the plea of tender, in our apprehension, is that the defendant has been always ready (*toujours prist*) to perform entirely the contract on which the action is founded; and that he did perform it, as far as he was able, by tendering the requisite money; the plaintiff himself precluding a complete performance by refusing to receive it. And as, in ordinary cases, the debt is not discharged by such tender and refusal, the plea must not only go on to allege that the defendant is still ready (*uncore prist*), but must be accompanied by a *profert in curiam* of the money tendered"; and this is cited with approval in *Bank v. Davidson,* 70 N. C., 122.

In *Bilzell v. Haywood,* 96 U. S. R., 580, it is said that, "To have the effect of stopping interest or costs, a tender must be kept good," and in *Soper v. Jones,* 56 Md., 503: "A plea of tender, not accompanied by *profert in curiam,* is bad."

In the case of *Parker v. Beasley,* 116 N. C., 1, it is held that an unaccepted tender of the amount due on a debt secured by a mortgage does not discharge the lien of the mortgage, unless the tender be kept good and the money be paid into court, and the same doctrine is affirmed in *Dickerson v. Simmons,* 141 N. C., 330.

This last case notes the distinction between a tender made on the day the debt becomes due, called the law day, and one made afterwards, and holds that the first discharges the mortgage, although the plea of tender is not accompanied by payment into court.

The principle is different when the rights of a surety, or of one standing in the relation of a surety, are involved. In such case, a valid tender unaccepted releases the surety and his property conveyed to secure the debt of the principal, and it is not necessary to pay the money into court to make the plea good. *Smith v. B. and L. Assn.,* 119 N. C., 261.

For the reasons given, there must be a *venire de novo.*

New trial.