C. J. DeBRUHL v. J. T. HOOD.

(Filed 20 September, 1911.)

1. **Tender—Profert—Readiness to Pay—Suit—Payment Into Court.**
   To constitute a valid tender, the party claiming its benefit must allege and show that since its refusal he has always been ready to pay the same, and upon suit brought he must pay the money into court.

2. **Same—Verdict.**
   The verdict of the jury rendered in an action upon a mortgage note will not be affected by a tender of a larger amount made before the commencement of the action, which was refused and not kept good; for the refusal thereof left the matter open and at large, and the court could find the true amount.

APPEAL by defendant from *Ferguson, J.,* at May Term, 1911, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Moore & Dunn for plaintiff.*
*Guion & Guion for defendant.*

WALKER, J. This action was brought to enjoin the defendant from selling certain property under powers of sale contained in two mortgages, originally executed by plaintiff to Mrs. Sophia B. Duffy and the Citizens Bank of New Bern, to secure notes of the plaintiff, and by them sold and transferred to the defendant. It is alleged in the complaint that several cash payments were made upon said indebtedness by the plaintiff, which, with the proceeds of certain timber cut from the land and received by the defendant, which, by reason of the contract between the parties, should have been applied to the debt, have reduced the amount thereof to $273.68, which sum was tendered by the plaintiff to the defendant, who refused to accept the same. No money was deposited in court in order to keep the tender good. It is the universal rule that, in order to constitute a valid and effectual tender, the party who makes it must allege and show that since the refusal to accept the money he has always been ready to pay the same, and must bring the amount of the tender into court, and it has been said that he should take a rule on the plaintiff or party to whom the debt is due, to accept the same or proceed at his peril. *Cope v. Bryson,* 60 N. C., 112. In *Bilzell v. Hayward,* 96 U. S., 580, it was said, with reference to a sufficient tender: "To have the effect of stopping interest or costs, a tender must be kept good; and it ceases to have the effect when the money is used by the debtor for other purposes." A plea of tender not accompanied by *profert in curiam* is bad. *Saper v. Jones,* 56 Md., 503. The subject is fully discussed in *Parker v. Beasley,* 116 N. C., 1, with ample reference to the authorities. *Justice Allen,* in a very recent case decided by this Court (*Lee v. Manley,* 154 N. C., 244), adopts the statement of *Wilde,*

*C. J.*, in *Dixon v. Clark*, 57 E. C. L., 376, as follows: "The principle of the plea of tender, in our apprehension, is that the defendant has been always ready (*toujours prist*) to perform entirely the contract on which the action is founded; and that he did perform it, as far as he was able, by tendering the requisite money; the plaintiff himself precluding a complete performance by refusing to receive it. And as, in ordinary cases, the debt is not discharged by such tender and refusal, the plea must not only go on to allege that the defendant is still ready (*uncore prist*), but must be accompanied by a *profert in curiam* of the money tendered." The case of *Dixon v. Clark* was cited with approval also in *Bank v. Davidson*, 70 N. C., 122.

The defendant in his answer insisted that the amount due upon the indebtedness secured by the mortgages was not $273.68, as alleged by the plaintiff, but a much larger sum, to wit, $1,180.96, and demanded the payment of that amount."

The jury found that the true sum was neither of the said amounts, but $203. It was urged by the defendant in the court below that this verdict was erroneous, as he was entitled to recover at least $273.68, the amount of the tender. We do not see upon what ground any such claim can be based. The tender was rejected, and, as the money was not paid into court, it left the matter open and at large, the same as if no such tender had been made. The defendant should have taken the money when it was tendered, if he wished to avail himself of the tender. It is now too late for him to get the benefit of the same. The law will not compel the plaintiff to renew his tender, so that the defendant, who has submitted his cause to the jury and been defeated in his contention, may have another chance to accept it. This would be giving him two chances, to which he is not entitled, either in law or equity. Good faith requires that he be made to abide by his first decision. The fact that a greater sum was tendered than was actually due did not entitle the defendant to that sum if he rejected the offer, so as to prevent the court from ascertaining the true amount for which judgment should be given. In *Glos v. Goodrich*, 175

DE BRUHL *v.* HOOD.

Ill., 20, the Court, in dealing with a similar question, said: "The objection that the sum of $30 was tendered and the decree only required the payment of $25.50 cannot be held well taken, because in a chancery proceeding the offer to bring the money into court and abide by the order of the court as to its payment is a sufficient tender, and being incorporated in the bill, the court may find the actual amount due and require that sum to be paid, and is not required to find a greater amount due than actually exists because a tender for such greater sum had theretofore been made."

We see from this case that even when the tender was held to be good and continuing, by reason of what was said to be equivalent to actual payment into court, the court has the right to find the correct amount and enter judgment for it, and not for the larger amount which was tendered, and *a fortiori* this can be done when the tender was made out of court and under the circumstances stated in this case.

In *Abel v. Opel,* 24 Ind., 250, the Court held that, while a tender is an admission of the amount due upon the debt, it is not conclusive, no more than any other admission of fact, and does not preclude the court from inquiring as to the true amount, nor does it exclude the consideration of all other evidence upon the subject, and, further, that if too much has been tendered, no obligation arises to pay the larger sum or to keep the tender good at that amount. That case was very much like this. The mortgagor tendered $1,440, when only the sum of $1,309 was found to be due, and it was held proper to enter judgment for the smaller amount, notwithstanding the tender. See, also, 28 Am. and Eng. Enc., pp. 15 and 16, title, "Tender as admission of liability."

The jury have decided against the defendant, mortgagee (who was oppressively demanding far more than he was justly entitled to recover), and upon evidence, as we think, sufficient to sustain the verdict, and there was no error committed during the trial which invalidates that verdict. We, therefore, affirm the judgment.

No error.