O. W. DUKE AND HIS WIFE, L. ESTELLE DUKE, v. C. E. PUGH.

(Filed 11 December, 1940.)

**Tender § 1: Mortgages § 27—Debtor must tender principal due with interest thereon to date of tender.**

In order to constitute a valid tender, the debtor must offer or pay into court the principal due plus interest thereon to the date of the tender, and where there is a controversy between the parties as to the balance due on the mortgage indebtedness, and it appears from the mortgagor's own testimony that the amount tendered by him as the full amount of the debt with interest, failed to include interest for the entire period prior to the tender, the failure of the court to call this phase of the case to the attention of the jury is prejudicial error, since even though the discrepancy is small, the mortgagee is entitled thereto, and may not be required to cancel and surrender his note and mortgage for less than the full amount due.

APPEAL by defendant from *Alley, J.,* at June Term, 1940, of GUILFORD. New trial.

This was an action to cancel a note and mortgage. Plaintiff alleged that the balance due on the note and mortgage (originally in sum of $2,250.00, dated 4 December, 1925) was only $426.00; that on 29 June, 1939, he had tendered that amount to the defendant in full settlement, and, upon defendant's refusal to accept it, had paid it into court. Defendant contended the amount tendered was insufficient.

Plaintiff testified that the note and mortgage required monthly payments of $25.00 on the 4th of each month, and that he had kept these payments up, with interest, to and including the payment due 4 June, 1932; that on that date the balance due was $300.00; that he now only owes that amount, plus interest to the date of tender, 29 June, 1939, making a total of $426.00, and no more. Defendant testified that the last payment received was on 3 February, 1932; that the balance then due was $550.00; that nothing had been paid since, and that he refused

to accept the amount tendered on 29 June, 1939, as insufficient to settle the debt in full.

Appropriate issues were submitted to the jury and answered in favor of plaintiff. From judgment decreeing cancellation of the note and mortgage, defendant appealed.

*Hines & Boren and E. D. Kuykendall for plaintiff, appellee.*
*A. Stacey Gifford and Thomas J. Hill·for defendant, appellant.*

DEVIN, J. The determinative issue raised by the pleadings and submitted to the jury was whether the sum of $426.00 tendered to the defendant by the plaintiff 29 June, 1939, was the amount then due on the note and mortgage. Upon that issue the trial judge charged the jury if they found by the greater weight of the evidence that plaintiff had reduced the principal to $300.00, and that on 29 June, 1939, there was a balance of only $300.00 due, which, with interest, would amount on that date to $426.00, and that this amount was tendered on that date, they should answer the issue in favor of the plaintiff; otherwise not.

This instruction, to which exception was duly noted, overlooked the testimony of the plaintiff that he had reduced the principal of the debt to $300.00 4 June, 1932; that he did not claim any other payment thereafter, and that on 29 June, 1939, he had tendered $426.00 in full settlement. From this testimony it is apparent that the tender fell short of the amount due by $1.25. The difference was the interest on $300.00 for twenty-five days (4 June to 29 June). The defendant was not required to accept less than the full amount of his debt and interest.

It is true, taking the figures in accord with the testimony of the plaintiff, the difference was small, but plaintiff had staked his case upon the claim that ·$426.00 was the exact amount due and had tendered that amount, and no more, in full settlement. Defendant could not be required to cancel and surrender his note and mortgage for less than the full amount due. ·

To constitute a valid tender the offer must include the full amount the creditor is entitled to receive, including interest to the date of the tender. 62 C. J., 660; 26 R. C. L., 639; *Owens v. Ins. Co.,* 173 N. C., 373, 92 S. E., 168; *Smith v. Pilcher,* 130 Ga., 350. "Mistake in tendering an amount less than the sum due is the misfortune of the tenderer, and the position of the parties remains the same as if no tender had been made." 62 C. J., 661.

In *Rolfe v. Ins. Co.,* 106 Me., 345, it was said: "On July 18, 1907, the defendant tendered to the plaintiff $584.23. But this was not enough, for there was due on that date, including interest, $584.32. ·The differ-

ence is small, but the plaintiff was entitled to it. The tender was insufficient in amount."

Defendant's exception to the court's failure to call to the attention of the jury this phase of the case, as presented by the testimony of the plaintiff, must be sustained. The error pointed out was prejudicial to the defendant, and for this reason we are constrained to grant a

New trial.