W. A. INGOLD v. PHOENIX·ASSURANCE COMPANY, LIMITED, AND ELI WINESETTE AND WIFE, MARY WINESETTE.

(Filed 23 March, 1949.)

**1. Fixtures § 1—**

Ordinarily, a building becomes a part of the realty, and though this rule is subject to the exception that the parties may provide to the contrary by express or implied contractual stipulation, the burden of proof is upon the party claiming that a building is personalty to show that under the contract it retained that character.

**2. Same—**

At the time of the lease there were two brick walls standing on the land. Lessee extended the walls and constructed a roof to provide a building for his business. The lease provided that if lessee discontinued his business and vacated the building before the expiration of the term, the building should automatically be turned over to lessor. Lessee joined as co-insurer with lessor in a policy of fire insurance on the premises. *Held:* It is apparent that the structure was erected for the better enjoyment of the premises and not as a trade fixture, and upon trial by the court under agreement of the parties, the court was not required to assume that the parties intended the structure to retain the character of personalty.

**3. Insurance § 24d—**

Lessor and lessee were jointly insured in a fire policy. Upon destruction of the premises by fire, lessee was unwilling to have the fund used to replace the building, but instead, abandoned his lease. *Held:* Lessee was entitled out of the proceeds of the insurance to the amount representing the use of the building during the remainder of the term.

**4. Pleadings § 24c—**

Evidence in support of an agreement not alleged in the pleadings is properly excluded, since proof without allegation is unavailing.

**5. Insurance § 24d: Appeal and Error § 39c—**

Insurer in a policy issued jointly to lessor and lessee was permitted to pro rate the loss with a prior policy issued by a different insurer to lessor, but lessee's recovery of the present cash value of the unexpired term was based on the full amount of the joint policy. Lessee offered evidence that lessor had agreed to cancel the prior policy when they obtained the joint policy sued on, but had wrongfully breached the agreement by failing to do so. *Held:* Since lessee recovered exactly the same amount to which he would be entitled had lessor complied with the agreement, the exclusion of evidence of the agreement could not be ground for a new trial or modification of the judgment.

**6. Tender § 1—**

Where tender of the amount due is made more than six months after the amount becomes payable, and interest on the amount from due date to date of tender is not included therein, the tender is ineffectual.

**7. Same—**

In order to constitute a valid tender, the party making the tender must not only allege his continuous readiness to pay the amount, but must also bring or deposit the amount into court.

**8. Insurance § 24b (4)—**

Where a fire policy provides that loss thereunder should be paid sixty days after proof of loss and ascertainment of the loss by agreement of the parties or by an award as provided in the policy, interest on the recovery cannot begin to run until sixty days after proof of loss was filed, and judgment awarding interest from date of the fire is error.

**9. Same—**

Where lessor and lessee are jointly insured under a fire policy which provides that loss should be paid 60 days after proof of loss, interest on the recovery should be allowed after 60 days from the date proof of loss is filed by either insured, and insurer's contention that interest could not begin to run until both had filed proof of loss is untenable.

**10. Costs § 3a—**

In an action at law the court has no discretion in apportioning the costs, and upon judgment awarding plaintiff at least a part of the amount claimed by him he may not be taxed with any part of the costs, and judgment apportioning the costs among the parties is error.

APPEALS by plaintiff and defendant insurance company from *Bone, J.,* October Term, 1948, WASHINGTON. Modified and affirmed.

Civil action on fire insurance policy.

Plaintiff and his brother leased from defendant Mary Winesette the lot known as the old Gulf Oil Company property in Plymouth, N. C., for a term of five years, with the right of renewal for an additional five years. Later, plaintiff became the sole owner of said lease.

The lease permits the lessees to remodel the brick walls standing on the property "into any type of building" they may desire and also to extend the building, either at the end or on the railroad side thereof. Pursuant to this authority the lessees, "utilizing the said brick walls as a part thereof, building same higher and longer," constructed a metal roof building on the premises for use as a place of business for the sale of tires and tubes and as a tire recapping plant.

On 24 January 1947, defendant insurance company issued its policy of insurance in the sum of $6,000 to the lessor and lessees, jointly, insuring them against the destruction of or damage to said building by fire. Later, plaintiff, having acquired the interest of his brother, J. R. Ingold, the policy was amended by endorsement so as to make him the sole lessee insured. At the time the Phoenix policy was issued, there was a policy in the sum of $5,000, issued by the Aetna Insurance Company, outstanding and in force, insuring defendant Winesette against loss by fire. Each policy contained a pro rata liability provision.

On 19 July 1947, said building, except the original side walls and a small portion of the additions made by plaintiff, was totally destroyed by fire. The agreed loss was $6,000.

Plaintiff filed proof of loss and demanded the payment to him of the full amount of the loss, to the exclusion of the lessor. Defendant insurance company acknowledged liability but declined to pay the full loss to plaintiff. Thereupon plaintiff instituted this action to recover said loss.

Defendant insurance company, answering, admitted the loss, pleaded the $5,000 policy issued by Aetna Insurance Company to defendant Winesette and the payment of $2,727.27, or five-elevenths of the loss thereunder, conceded liability for six-elevenths of the loss, and offered to pay the same, to wit, $3,272.73, to the insured under the policy.

The answer of defendant Winesette raises certain issues in respect to rent not material to this appeal.

When the cause came on for hearing in the court below, the parties waived trial by jury and agreed that the presiding judge should find the facts and render judgment thereon.

Thereupon, after hearing the evidence, the court found the facts and concluded that (1) defendant insurance company is liable to the insured in the sum of $3,272.73, with interest from 19 July 1947 (the date of the fire) and (2) plaintiff "is entitled to receive the present cash value of the income from $6,000" for the unexpired term of the lease and extension period, to wit, $1,762.56, with interest from 19 July 1947. It thereupon rendered judgment that plaintiff recover said sum of $1,762.56 and defendant Winesette recover $1,510.17, each with interest from 19 July 1947. Plaintiff and defendant insurance company each excepted and appealed.

*Carl L. Bailey for plaintiff appellant.*

*Murray Allen and R. P. Upchurch for Phoenix Assurance Company, Limited.*

*Norman & Rodman for Eli Winesette and Mary Winesette.*

BARNHILL, J.   The appeal of the plaintiff poses two questions for decision: (1) Was plaintiff the sole owner of the building destroyed by fire and as such entitled to the proceeds of the fire insurance policy sued on, and if not (2) Did the court below make proper apportionment of the recovery on said policy?

Whatever is so firmly affixed or annexed to the freehold as to become thoroughly and substantially a part of the realty cannot afterward be removed except by him who is entitled to the inheritance.   And so, as a general rule, a building on land is considered a part of the realty, or at least it is so presumed.   *Feimster v. Johnson,* 64 N.C. 259; *Springs v. Refining Co.,* 205 N.C. 444, 171 S.E. 635; *Brown v. Ward,* 221 N.C. 344, 20 S.E. 2d 324; *Haywood v. Briggs,* 227 N.C. 108, 41 S.E. 2d 289; 22 A.J. 714, 778.

At common law all buildings become a part of the freehold as soon as they are placed upon the soil.   *Kutter v. Smith,* 69 U.S. 491, 17 L. Ed. 830.

"The ownership of land is not confined to its surface, but extends indefinitely, downwards and upwards.   *Cujus est solum, ejus est usque ad coelum.*   2 Black. Com. 18.   It includes not only the ground or soil, but everything which is attached to the earth, whether by the course of nature, as trees and herbage, or by the hand of man, as houses and other buildings.   Co. Lit., 4a."   *Gilliam v. Bird,* 30 N.C. 280; *S. v. Martin,* 141 N.C. 832.

The trend of modern decisions has tended to relax the rigidity of this common law rule so that now, subject to certain limitations, the intent of the parties as evidenced by their contract, express or implied, is controlling.   *Springs v. Refining Co., supra; Feimster v. Johnson, supra;* 22 A.J. 728; Anno. 77 A.L.R. 1400.   But the burden of proof is upon the party who claims a building is personal property to show that it retains that character.   22 A.J. 778.

Here there was no express agreement that the building erected by plaintiff was to retain the character of a trade fixture removable by plaintiff at the end of his term.   The facts and circumstances surrounding the execution of the lease and the erection of the building refute the suggestion that it was so intended by the parties.   It is expressly stipulated in the lease agreement that in the event plaintiff should discontinue business and vacate the building before the expiration of the term of the lease plus the permissible renewal term, "the building will automatically be

turned over to" the lessors. The building was composed of two brick walls standing on the land at the time the lease was executed, raised and extended by plaintiff, the extension being of wood construction. It was erected for the better enjoyment of the land and not as a trade fixture, *Pemberton v. King,* 13 N.C. 376; *R. R. v. Deal,* 90 N.C. 110, and it could not be removed without injury to the freehold. 22 A.J. 724; *Frost v. Schinkel,* 77 A.L.R. 1381. The action of plaintiff in joining with the landlord as coinsurer was an acknowledgment of her insurable interest therein.

Plaintiff could have no right to remove the brick walls standing on the premises at the time the lease was executed. To attempt to remove the additions thereto would require him substantially to destroy the very thing he claims. The court below was not required to assume the parties so intended.

What then, as between the landlord and tenant, jointly insured, was the insurable interest of the tenant?

On this question this case is one of first impression in this jurisdiction. The parties have called our attention to no case from any other jurisdiction directly in point and we have found none.

We concur in the opinion of the court below that plaintiff's insurable interest under the circumstances here disclosed was the right to use the building during the continuance of his term. He did not purport to insure as the sole owner but joined with the landlord in so doing, thereby recognizing her property interest therein. Then when the loss occurred, he signified his unwillingness to have the fund used to replace the building. Instead, he abandoned his lease altogether. To have that which represents the use of the building during the term when he has disavowed his liability under the lease would seem to be all that he can justly claim.

This conclusion is in line with the decisions of this Court in analogous cases where the rights of tenants for life and remaindermen in and to the proceeds of fire insurance policies were at issue. *Graham v. Roberts,* 43 N.C. 99; *Campbell v. Murphy,* 55 N.C. 357, at p. 363; Anno. 16 A.L.R. 313.

The recovery by the tenant may be on a different basis when he alone insures. *Stockton v. Maney,* 212 N.C. 231, 193 S.E. 137; *Houck v. Insurance Company,* 198 N.C. 303, 151 S.E. 628; Anno. 126 A.L.R. 345.

The plaintiff tendered testimony tending to show that originally he obtained a policy in the sum of $6,000, insuring his interest alone, and defendant Winesette had a policy in the sum of $5,000, insuring her interest; that at the suggestion of the insurance agent it was agreed that they should cancel the outstanding policies and obtain jointly the policy sued on; that he had his outstanding policy canceled but the landlord, in

breach of her agreement, failed to have her $5,000 policy canceled. This evidence was excluded and plaintiff excepted.

For two reasons the ruling of the court below must be sustained. First, no such agreement is pleaded. Proof without allegation is as unavailing as allegation without proof. *Whichard v. Lipe,* 221 N.C. 53, and cases cited; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477; *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470. Second, the court below allowed plaintiff to recover on the basis of $6,000 though his insurer paid only its ratable portion of the total. This is exactly what he would have recovered had the landlord complied with her agreement to cancel her individual policy.

On this record plaintiff's assignments of error fail to point out cause for a new trial or for modification of the judgment rendered.

## APPEAL OF PHOENIX ASSURANCE COMPANY, LIMITED.

Proof of loss under the policy was filed by plaintiff on 3 September 1947 and by defendant Winesette on 1 May 1948. On 5 May 1948 defendant insurance company tendered to the insured its draft on the National City Bank of New York in the sum of $3,272.73 in full settlement of their claim for loss under its policy of insurance. Plaintiff declined to accept the tender for the reason it did not represent the full amount due, and defendant Winesette signified her willingness to accept.

Likewise, in its answer said defendant admitted that $3,272.73 is due the insured; renewed its tender thereof without producing either draft or money, and alleged that it "is ready and willing to bring said amount in money, together with any interest that may be due thereon, into Court to be paid to the party or parties entitled thereto."

Said insurance company excepts to the judgment for that the court failed and refused to recognize its tender before trial and in its answer as sufficient in law to stop interest and save costs. The assignment of error bottomed on this exception is untenable.

The original tender was made more than six months after the amount payable under the policy had become due. Interest on this amount had accrued, but the amount thereof was not included in the tender. While defendant alleges its willingness to pay said sum with accrued interest into court and prayed judgment that "it may be allowed to bring the money into Court," it never deposited in court either principal or interest. Thus, neither of said tenders was sufficient to stop interest and save costs.

To constitute a valid tender the offer must include the full amount the creditor is entitled to receive, including interest to the date of the tender. *Duke v. Pugh,* 218 N.C. 580, 11 S.E. 2d 868, and cases cited. "Mistake in tendering an amount less than the sum due is the misfortune of the

tenderer, and the position of the parties remains the same as if no tender had been made. 62 C.J. 661." *Duke v. Pugh, supra.*

It is the universal rule that in order to constitute a valid and effectual tender of money admitted to be due, the party who makes it must allege and show that since the refusal to accept the money he has always been ready to pay the same, and must bring the amount of the tender into court. *Cope v. Bryson,* 60 N.C. 112; *Parker v. Beasley,* 116 N.C. 1; *Bank v. Davidson,* 70 N.C. 118; *Lee v. Manley,* 154 N.C. 244, 70 S.E. 385; *DeBruhl v. Hood,* 156 N.C. 52, 72 S.E. 83; *Medicine Co. v. Davenport,* 163 N.C. 294, 79 S.E. 602; *Debnam v. Watkins,* 178 N.C. 238, 100 S.E. 336. "A plea of tender, not accompanied by *profert in curia,* is bad. *Saper v. Jones,* 56 Md. 503." *Parker v. Beasley, supra; DeBruhl v. Hood, supra.*

The judgment entered provides that the amount recovered shall bear interest from 19 July 1947. In this there was error. The policy provides that any amount of loss for which the insurer may be liable shall be payable sixty days after proof of loss and ascertainment of the loss is made either by agreement of the parties expressed in writing or by an award as provided in the policy. While the loss occurred 19 July 1947, proof of loss was not filed until 3 September 1947. November 2—sixty days thereafter—was the earliest date from which interest could begin to accrue.

Any contention that interest could not begin until notice of loss was filed by the defendant Winesette on 5 May 1948 is without merit. The proof filed by plaintiff, coinsured, put the insurance company on notice of the loss. The proof filed by defendant Winesette served only to give notice she was claiming an interest in the sum payable under the policy.

The court below taxed the costs one-third against plaintiff and one-third against each defendant. But this is not a proceeding in equity in which the court had the discretion to apportion the costs. It is an action at law in which the plaintiff has recovered at least a part of the amount claimed to be due. His recovery carries the costs as a matter of course. Hence the costs assessed against him must be taxed against the corporate defendant.

The judgment entered must be modified accordant with this opinion and as so modified it is affirmed.

Modified and affirmed.