J. B. SMITH v. J. PRITCHARD BARNES AND GATLINBURG REAL
ESTATE COMPANY.

(Filed 17 September, 1952.)

1. **Brokers § 10—Alleged agreement of defendant broker to split commission with plaintiff held void for want of consideration.**

Allegations to the effect that plaintiff was given the right by the owners to sell their property, and that defendant broker agreed to pay plaintiff one-half the commission if defendant procured a purchaser, with evidence that plaintiff was given exclusive right to sell the property for only forty-eight hours and that defendant procured a purchaser after the expiration of that period when the property was listed with real estate brokers generally, *is held* insufficient to sustain recovery by plaintiff, and nonsuit was correctly entered, since there was no consideration for defendant's agreement to split the commission upon the facts alleged. Evidence to the effect that plaintiff and defendant agreed to pool their efforts and split the commission regardless of which one procured the purchaser does not alter this result, when such evidence is not based upon allegation.

2. **Contracts § 5—**

Where the sole consideration for a contract is the mutual promise of the parties, it is necessary that such promise be binding on both, and where it is binding only on one it cannot constitute a sufficient consideration for the promise of the other.

3. **Pleadings § 24c—**

Proof without allegation is as unavailing as allegation without proof.

APPEAL by plaintiff from *Armstrong, J.,* May Term, 1952, of HAY-WOOD.

This is an action to recover from the defendants the sum of $1,375, or one-half the commission paid to them for selling the Skyland Cottages located in Haywood County.

The plaintiff alleges that during September, 1951, he conferred with the owners of the Skyland Cottages and was employed to aid them in the sale of their property, and for his services he was to receive a commission of five per cent of the sale price of the property; that thereafter the defendant, J. Pritchard Barnes, came to see him and conferred with him in regard to the sale of the property, representing himself as being President of the Gatlinburg Real Estate Company; that "it was agreed between the plaintiff and the defendant, J. Pritchard Barnes, that the said J. Pritchard Barnes and the Gatlinburg Real Estate Company, the defendants herein, should have the right to offer said Skyland Cottages . . . for sale, and that if said sale could be made, the plaintiff was to have one-half of the commissions that might be received for the sale of said property."

The sum and substance of the plaintiff's evidence in the trial below was as follows: The owners, in September, 1951, gave the plaintiff a written

agreement, good for forty-eight hours, authorizing him to sell the property known as the Skyland Cottages for $55,000, and agreeing to pay him a commission of five per cent for making such sale; that at the time the agreement was procured the plaintiff thought his brother, who lived in Gatlinburg, Tennessee, would be interested in buying the property. He immediately contacted his brother who informed him he was not interested in the property but suggested that he send a Mr. Barnes, a real estate agent in Gatlinburg, to see him. The plaintiff is not a licensed real estate agent but is cashier of the First State Bank of Hazelwood. Mr. Barnes called on the plaintiff at his office in the bank, on 24 September, 1951. The plaintiff testified that on that occasion Mr. Barnes "asked me how would I split the commissions with him since he had the purchaser and I immediately replied 50-50; Mr. Barnes and I agreed there on that occasion to a division of the commissions if he located a purchaser." Counsel then said, "State whether or not you had the same sort of agreement with him if you located the purchaser?" Plaintiff replied, "Yes sir."

After the plaintiff and the defendant Barnes finished their conference in the plaintiff's office on the above date, it was disclosed that the prospective purchaser, a Mr. Eastes, had accompanied Mr. Barnes to Hazelwood to inspect the property in question. The three of them inspected the property that same day and Mr. Eastes took a thirty day option from the owners and made a deposit of $100. When this option was given by the owners of the property, the forty-eight hour agreement with the plaintiff had expired and the property was listed for sale with all the real estate concerns in the vicinity and with some in Asheville. Exclusive of the plaintiff's services, in connection with procuring the thirty day option to Mr. Eastes, he only offered the property to his brother and to one other person. After the failure of Mr. Eastes to exercise his option, the plaintiff never communicated with the defendant Barnes until about the middle of December at which time he made inquiry by telephone about the prospect for a sale. Mr. Barnes informed him that the property had been sold to Mr. A. B. Walker and that the transaction would be closed on the following Monday. Mr. Walker purchased the property for $55,000, and the owners thereof paid the defendants a five per cent commission on the sale in the sum of $2,750.

The defendants contended the agreement between the plaintiff and Mr. Barnes to split the commission for the sale of the property applied only in the event the property was sold to Mr. Eastes, and denied that the plaintiff was entitled to any portion of the commission on the sale to Mr. Walker. Whereupon, the plaintiff instituted this action and attached one-half of the proceeds paid to the defendants. At the close of plaintiff's evidence, the defendants moved for judgment as of nonsuit. The motion was allowed and plaintiff appeals and assigns error.

*W. R. Francis and M. G. Stamey for plaintiff, appellant.*
*Millar, Medford & Millar and Wynn & Wynn for defendants, appellees.*

DENNY, J.  The plaintiff insists that if his evidence is considered in the light most favorable to him, as it should be on a motion for judgment as of nonsuit, such evidence is sufficient to warrant its submission to a jury. *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

We cannot concur in this view in light of the pleadings and the evidence disclosed by the record.

There is no allegation in the complaint to indicate, or from which it may be inferred, that the parties entered into a mutual agreement to pool their efforts to sell the property and to split the commission, regardless of which one procured the purchaser. The contract, as alleged, purports to bind the defendants only in this respect. Therefore, there is no mutuality of agreement or other consideration alleged, sufficient in law, to support the contract as set out in the complaint. Where there is no consideration for a contract, except the mutual promises of the parties, such promises must be binding on both parties. In such agreements, only a binding promise is sufficient consideration for a promise of the other party. 12 Am. Jur., Contracts, section 13, page 509, *et seq. Rankin v. Mitchem,* 141 N.C. 277, 53 S.E. 854; *Croom v. Lumber Co.,* 182 N.C. 217, 108 S.E. 735; *Kirby v. Bd. of Education,* 230 N.C. 619, 55 S.E. 2d 322. See also *Wellington, Sears & Co. v. Dize Awning & Tent Co.,* 196 N.C. 748, 147 S.E. 13.

The plaintiff contends, however, that when he gave the defendants permission to sell the property, he surrendered a right sufficient to constitute a consideration for the agreement which they entered into. The contention is without merit. He had no exclusive right to sell the property at the time Mr. Barnes contacted him. In fact, it would seem that at that particular time he had no agreement at all with the owners with respect to the sale of the property. His forty-eight hour agreement, whatever it was, had expired and the property was listed generally with the real estate brokers in Haywood County and with some in Asheville. Consequently, his right to recover must stand or fall upon the terms of his agreement with the defendants.

It is true that in the trial below the plaintiff undertook to prove the existence of a contract based upon the mutual promises of the respective parties, but proof without allegation is as unavailing as allegation without proof. *Bowen v. Darden,* 233 N.C. 443, 64 S.E. 2d 285; *Maddox v. Brown,* 232 N.C. 542, 61 S.E. 2d 613; *Ingold v. Assurance Co.,* 230 N.C. 142, 52 S.E. 2d 366, 8 A.L.R. 2d 1439.

No error has been made to appear in the ruling of the court below, and the judgment is

Affirmed.