DON WEBB AND SUSAN WEBB v. DANNY CARROLL McKEEL

No. COA00-810

(Filed 19 June 2001)

**1. Interest— post-judgment—tender of payment**

The trial court did not err in a personal injury case by allow-ing defendant's motion in the cause finding that post-judgment interest stopped upon defendant's tender of payment of $89,120 to plaintiffs' counsel even though plaintiffs refused the check since the actual amount due was $89,161.11, because: (1) N.C.G.S. § 1-239(a)(1) states that partial payments are acceptable; (2) N.C.G.S. § 24-5(b) does not require the tender to be exact, but provides that the portion remaining will have interest accrue on

---

it until the balance is paid; and (3) N.C.G.S. § 1-239(c) provides that tender may be made to either the clerk of court or to the judgment creditor.

**2. Interest— post-judgment—motion in the cause— jurisdiction**

The trial court did not lack jurisdiction in a personal injury case to hear and allow defendant's motion in the cause to stop post-judgment interest upon defendant's tender of payment of $89,120 to plaintiffs' counsel even though plaintiffs refused the check since the actual amount due was $89,161.11 because although clerks of superior court have jurisdiction to compute the amount of interest due, the superior court has jurisdiction to determine whether post-judgment interest goes into the calculation.

Appeal by plaintiffs from judgment entered 14 February 2000 by Judge Frank R. Brown in Wilson County Superior Court. Heard in the Court of Appeals 26 April 2001.

*Rudolf, Maher, Widenhouse & Fialko by M. Gordon Widenhouse, Jr. for plaintiffs-appellants.*

*Walker, Clark, Allen, Herrin & Morano by Jerry A. Allen and Gay Parker Stanley for defendant-appellee.*

THOMAS, Judge.

Plaintiffs Don and Susan Webb appeal from the grant of a motion in the cause in favor of defendant Danny Carroll McKeel. The trial court found that plaintiffs were not entitled to post-judgment interest beyond the date of defendant's attempted tender of payment to plaintiff. For the reasons discussed herein, we modify the trial court's ruling.

Following an automobile accident on 19 March 1992, plaintiffs filed a complaint for personal injuries and loss of consortium against defendant. The case went to trial on 3 February 1997. The jury rendered a verdict for plaintiff Don Webb in the amount of $75,000 but did not award damages for plaintiff Susan Webb's claim of loss of consortium. The trial court entered a judgment for the amount of the verdict plus interest and court costs. Plaintiffs appealed to this Court. The judgment itself, meanwhile, was recorded in the Wilson County Clerk of Superior Court's office. On 2 July 1997, while the appeal was

pending, defendant forwarded a check for $89,120 to plaintiffs' counsel in an attempt to stop the accumulation of additional interest. The actual amount due, however, was $89,161.11. Plaintiffs refused the check, without explanation and did not notify defendant of the shortfall. This Court then dismissed plaintiffs' first appeal for failure to timely serve the record on appeal. Following the dismissal of the appeal, plaintiff demanded payment in the amount of $102,877.79, which included additional interest from the time of defendant's tender. Defendant refused to pay and on 11 December 1999, filed a motion in the cause seeking an order to determine whether defendant's tender of $89,120 cut off the accrual of post-judgment interest. The trial court granted defendant's motion in the cause, finding the post-judgment interest stopped upon the tender of the $89,120. From this order, plaintiffs appeal.

**[1]** By their first assignment of error, plaintiffs argue the trial court erred in allowing defendant's motion in the cause because the tender was invalid as a matter of law. We disagree.

There is no dispute the tender was $49.11 short. Plaintiffs contend the tender was invalid because defendant sent an amount less than the full amount due. However, N.C. Gen. Stat. § 1-239(a)(1) states "the party against whom a judgment for the payment of money is rendered by any court of record may pay the whole, *or any part thereof*, in cash or by check, to the clerk of the court in which the same was rendered, although no execution has issued on such judgment." (1997). (Emphasis added). Thus, under the plain language of the statute, partial payments are acceptable.

Plaintiffs further argue section 24-5(b) requires the tender to be exact. However, that interpretation is not consistent with a reasonable, textual reading of the statute. Section 24-5(b) provides

> In an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied. Any other portion of a money judgment in an action other than contract, except the costs, bears interest from the date of entry of judgment until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

(2000). There is no indication whatsoever that a requirement of exact tender exists. The statute only specifies that the portion remaining

will have interest accrue on it until the balance is paid. To this, we agree and hold that interest did accrue on the $49.11 left unpaid.

Plaintiff further argues the tender was invalid because it was not paid to the Wilson County Clerk of Superior Court. Section 1-239(c) contemplates payment to the judgment creditor as section 1-239(b) does to the clerk. "Upon receipt by the judgment creditor of any payment of money upon a judgment, the judgment creditor shall within 60 days after receipt of the payment give satisfactory notice thereof to the clerk of the superior court in which the judgment was rendered[.]" N.C. Gen. Stat. § 1-239(c). As such, it is again clear by a plain language reading of the statute that tender may be made to *either* the clerk of court or to the judgment creditor. The statute further states that if the judgment creditor does not give notice to the clerk of the receipt of the judgment within sixty days, that creditor may be liable for any loss suffered by the debtor as a result of the failure to notify. Additionally, the creditor would be subject to a civil penalty of $100. Thus, the statute offers protection to a debtor who pays the judgment, rather than take a firm stance against debtors who fall short in their tender.

Plaintiffs cite *Duke v. Pugh*, in which the N.C. Supreme Court stated "[t]o constitute a valid tender the offer must include the full amount the creditor is entitled to receive, including interest to the date of the tender." 218 N.C. 580, 581, 11 S.E.2d 868, 869 (1940). *See also Ingold v. Phoenix Assurance Co.*, 230 N.C. 142, 52 S.E.2d 366 (1949). However, these cases are in direct conflict with the statute at issue which allows partial payments, as aforementioned, and are not directly applicable to these facts. "When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978). We find the language "may pay the whole, or any part thereof" of section 1-239 a clear and unambiguous expression of the legislature's objective intent for partial or incomplete payments to be valid. The legislature has, in effect, preempted *Duke* and *Ingold* by enacting section 1-239 some twenty years after those holdings. Moreover, the doctrine of *stare decisis* is inapplicable where case law conflicts with a pertinent statutory provision to the contrary. *State v. Mobley*, 240 N.C. 476, 487, 83 S.E.2d 100, 108 (1954). Consequently, we are unable to give precedential value to statements made in *Duke* and *Ingold* concerning the validity of partial tenders made to judgment creditors under these facts.

**WEBB v. McKEEL**

[144 N.C. App. 381 (2001)]

We therefore hold defendant's tender of $89,120 was not invalid, but partial. Plaintiffs should have accepted the partial amount. Because they did not, interest will accrue only against the remaining $49.11 that was not paid. Were we to find for plaintiffs, judgment creditors could refuse tenders that were a mere penny short and later capitalize by collecting interest on the full amount, as opposed to interest on the penny short. Interest, after all, is payment for the use of money. New International Webster's Pocket Dictionary 265 (1st ed. 1997). Had plaintiffs accepted the tender, they would have had the use of $89,120. Thus, they are only entitled to interest on the amount they were not able to use, $49.11.

**[2]** By plaintiffs' second assignment of error, they argue the trial court lacked jurisdiction to hear and allow defendant's motion in the cause. We disagree.

Plaintiffs contend the clerk of superior court was the only authority with jurisdiction over the enforcement and satisfaction of judgments. Plaintiffs further contend because defendant did not tender payment to the clerk, there was no determination or action by the clerk for which defendant could seek review by the superior court.

A motion in the cause is the appropriate remedy for a defendant where a judgment grants the plaintiff more relief than that to which the plaintiff is entitled. *Federal Land Bank of Columbia v. Davis*, 215 N.C. 100, 1 S.E.2d 350 (1939). Likewise, where there is a legitimate issue as to the substance of a trial court's order, a motion in the cause is appropriate. Sections 1-239 and 1-242 give the clerk jurisdiction to hear motions in the cause when there is a dispute as to the payments rendered. We have already interpreted section 1-239 to mean that debtors are not required to make payments to the clerk of court. Section 1-242 provides

> If payment is made on a judgment docketed in the office of the clerk of the superior court and no entry is made on the judgment docket . . . . any interested person may move in the cause before the clerk, upon affidavit after notice to all interested persons, to have the credit, reversal, or modification entered.

N.C. Gen. Stat. § 1-242 (2000). In the instant case, however, payment was refused. The jurisdiction of the clerk of superior court to enter a judgment in a civil action is limited to specific instances enumerated in the General Statutes. *Boone v. Sparrow*, 235 N.C. 396, 70 S.E.2d 204 (1952). Plaintiffs claim the clerk of court is the only such authority to

determine the amount of interest due. However, defendant's motion in the cause was not to determine the computation of interest, but to determine whether defendant was required to pay post-judgment interest on a judgment entered by that same trial court. Clerks of superior court have jurisdiction to compute the amount of interest due. However, the superior court has jurisdiction to determine whether post-judgment interest goes into the calculation. As such, we hold the superior court correctly assumed jurisdiction of the motion in the cause filed by defendant.

For the above reasons, we modify the trial court's ruling and remand this action for an order consistent with this opinion.

MODIFIED AND REMANDED.

Judges MARTIN and BIGGS concur.