WHITESIDE ESTATES, INC. v. HIGHLANDS COVE, L.L.C.

[169 N.C. App. 209 (2005)]

━━━━━━━━━━

WHITESIDE ESTATES, INC., Plaintiff v. HIGHLANDS COVE, L.L.C., Defendant

No. COA04-730

(Filed 15 March 2005)

1. **Environmental Law— silt deposition into creek and lake— trespass—nuisance—future injury—cost of repairs**

   The jury did not err in a trespass, nuisance, and violation of the North Carolina Sedimentation Pollution Control Act case by submitting issue 2 to the jury even though defendant contends the trial court's instructions allowed the jury to recompense plaintiff for future injuries arising from a recurring temporary trespass or nuisance, because: (1) the jury did not award damages for future injury, but instead evidence of the future damage that would result from inadequate repair of the creek was admitted only as relevant to the cost of necessary repairs; (2) plaintiff's recovery under issue 2 was for the cost of repairs, necessitated by defendant's actions, that were required to forestall further silt deposition into the creek and the lake; and (3) the jury could have reasonably concluded that in order to restore and repair plaintiff's lake and creek, plaintiff would have to take adequate and reasonable measures to control the source on its property.

**WHITESIDE ESTATES, INC. v. HIGHLANDS COVE, L.L.C.**

[169 N.C. App. 209 (2005)]

### 2. Costs— prejudgment interest—compensatory damages— accrual during pendency of appeal

The trial court did not err in a trespass, nuisance, and violation of the North Carolina Sedimentation Pollution Control Act case by awarding prejudgment interest for the time between the first and second trials from 16 March 2000 to 7 November 2003, because: (1) under N.C.G.S. § 24-5(b), any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied; (2) relevant North Carolina precedent establishes that appeal does not toll the accumulation of interest, which continues to accrue during the pendency of an appeal until defendant tenders payment either to plaintiff or the clerk of court; and (3) the Court of Appeals rejected defendant's argument that plaintiff waived the right to prejudgment interest.

Appeal by defendant from judgment entered 10 November 2003 by Judge Ronald K. Payne in Jackson County Superior Court. Heard in the Court of Appeals 26 January 2005.

*Roberts & Stevens, P.A., by William Clarke, for plaintiff-appellee.*

*Creighton W. Sossomon, for defendant-appellant.*

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by Elizabeth B. Partlow, for defendant-appellant.*

LEVINSON, Judge.

Defendant appeals from judgment entered upon a jury verdict awarding plaintiff damages for trespass, nuisance, and violation of the North Carolina Sedimentation Pollution Act. We affirm.

The relevant facts may be summarized as follows: Plaintiff owns a 265 acre tract in Jackson County, North Carolina, through which flows Grassy Camp Creek (the creek). In 1957, plaintiff dammed the creek to create Young Lake (the lake), a private recreational lake. In 1998 defendant purchased 400 acres adjoining plaintiff's land. Defendant's property, directly upstream of plaintiff's, is also traversed by the creek. After buying the property, defendant started construction of a golf course and residential housing. As a result of defendant's land disturbing activities, significant amounts of sediment and other material washed into the creek and flowed into the

lake. The North Carolina Division of Land Resources conducted inspections of defendant's construction, and issued several reports noting defendant's failure to control soil erosion or to prevent sediment from washing into the creek, and his violation of certain provisions of the Sedimentation Pollution Control Act (Sedimentation Act).

On 31 March 1999 plaintiff filed suit against defendant, seeking damages for trespass, nuisance, and violation of the Sedimentation Act. On 6 March 2000 a jury found defendant liable on all counts, and awarded plaintiff $500,000 in damages. On 16 March 2000 the trial court entered judgment for plaintiff in that amount. Following defendant's appeal, this Court issued its opinion on 16 October 2001, in *Whiteside Estates, Inc. v. Highlands Cove, L.L.C.*, 146 N.C. App. 449, 553 S.E.2d 431 (2001) ("*Whiteside I*"). The Court affirmed defendant's liability for trespass, nuisance, and violation of the Sedimentation Act, but remanded for a new trial on the issue of damages.

On 3 November 2003 a second trial was conducted on the sole issue of damages. Following presentation of evidence, two issues were submitted to the jury and were answered as follows:

1. What amount of damages is the Plaintiff entitled to recover?

Answer: $575,000.00.

2. What amount, if any, is the Plaintiff entitled to recover to prevent future injury to its property because of the defendant's prior acts?

Answer: $200,000.00

Accordingly, on 6 November 2003 the trial court entered judgment for plaintiff "in the amount of $575,000.00 together with interest thereon . . . from April 1, 1999, until paid and . . . $200,000.00 together with interest at the legal rate from November 6, 2003, the date of this Judgment." From this judgment defendant appeals.

---

[1] Defendant contends the trial court erred by submitting Issue 2 to the jury, arguing that the trial court's instructions allowed the jury to recompense plaintiff for future injuries arising from a recurring temporary trespass or nuisance. Defendant asserts that recovery for the costs of repairing and restoring the creek in order to prevent further injury "are not recoverable as a matter of law." We disagree.

WHITESIDE ESTATES, INC. v. HIGHLANDS COVE, L.L.C.

[169 N.C. App. 209 (2005)]

Defendant is correct that damage arising from defendant's land disturbing activity is properly characterized as a "temporary" injury. *See Phillips v. Chesson*, 231 N.C. 566, 569, 58 S.E.2d 343, 346 (1950) (plaintiff sues for damages arising from defendant's diversion of water onto plaintiff's property: Court holds "plaintiff's suit must be regarded and treated as an action for the recovery of temporary damages"). The aim of temporary damages is to "restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money." *Id.* at 571, 58 S.E.2d at 347 (citation omitted). Such damages may include, *inter alia,* "diminished rental value, reasonable costs of replacement or repair, or restoring the property to its original condition with added damages for other incidental items of loss[.]" *Id.* at 571, 58 S.E.2d at 348. Additionally, "[f]or an abatable nuisance, plaintiff may only recover damages up to the time of the complaint or trial." *Whiteside I*, 146 N.C. App. at 461, 553 S.E.2d at 440 (citing *Phillips*, 231 N.C. at 569-70, 58 S.E.2d at 346).

In the instant case, we conclude that the jury did not award damages for future injury. The court repeatedly cautioned the jury not to award damages for injuries arising from acts occurring after the suit was filed, and not to award compensation for future damages. Instead, evidence of the future damage that would result from inadequate repair of the creek was admitted only as relevant to the cost of necessary repairs. The evidence showed that, prior to defendant's land-disturbing activities, the creek did not deposit silt and sediment into the lake. However, defendant's acts rendered the creek more vulnerable to accumulation of sediment. Accordingly, to restore the creek to its non-silt-depositing pre-nuisance condition, certain preventive measures were required.

Thus, plaintiff's recovery under Issue 2 was for the cost of repairs, necessitated by defendant's actions, that were required to forestall further silt deposition into the creek and the lake. This does not constitute an award for "future injuries." The simplest of analogies makes this clear: Assume that defendant punctures the floor of plaintiff's rowboat, which then leaks and fills with water. Obviously, plaintiff could recover damages both for the injury to his boat caused by the leak, **and** for the cost of patching the boat to prevent further leaking. Indeed, in *Whiteside I*, this Court held that "evidence about controlling the erosion coming off defendant's property, however, was not irrelevant to the determination of plaintiff's damages. . . . The jury could have reasonably concluded that in order to restore and

repair plaintiff's lake and creek, plaintiff would have to take adequate and reasonable measures to control the source on its property." *Whiteside I*, 146 N.C. App. at 463, 553 S.E.2d at 441. Thus, the Court recognized the propriety of awarding damages for repair and restoration of the creek and the lake that were adequate to prevent defendant's land-disturbing activities from causing future silt deposition. Moreover, this Court approved the following jury instruction, rejecting defendant's argument that it was error:

> Plaintiff would be entitled to costs for controlling the source of sediment on defendant's property when it impacts plaintiff's property if necessary to repair and restore the creek and lake. **If defendant does not adequately detain sediment from leaving its property or prevent injury to plaintiff's property, plaintiff can take reasonable measures to protect its property in order to repair and restore its lake and creek.**

*Id.* at 465, 553 S.E.2d at 442 (emphasis added). This assignment of error is overruled.

---

**[2]** Defendant also argues that the trial court erred by awarding prejudgment interest for the time between the first and second trials. Defendant does not dispute that plaintiff is entitled to prejudgment interest for the periods (1) from 1 April 1999, when the complaint was filed, until 16 March 2000 when judgment was entered on the first trial; and (2) from 7 November 2003, when judgment was entered following the second trial, until that judgment was satisfied. Defendant argues, however, that the trial court erred by awarding plaintiff prejudgment interest for the period between 16 March 2000 (date of judgment in the first trial) and 7 November 2003 (date of judgment in the second trial). We disagree.

Under N.C.G.S. § 24-5(b) (2003), "any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." The plain language of the statute provides that prejudgment interest continues to accrue "until the judgment is satisfied." Moreover, relevant North Carolina precedent establishes that appeal does **not** toll the accumulation of interest, which continues to accrue during the pendency of an appeal until the defendant tenders payment either to the plaintiff or the clerk of court. *See, e.g., Webb v. McKeel*, 144 N.C. App. 381, 551 S.E.2d 440 (2001) (interest on amount of judgment accrues until defendant tenders partial payment to clerk

of court; thereafter, interest accrues only on balance still owing). Defendant cites no cases holding to the contrary, and we find none. Additionally, we reject defendant's argument that plaintiff has waived the right to prejudgment interest. This assignment of error is overruled.

We conclude the trial court did not err by submitting Issue 2 to the jury or by awarding plaintiff prejudgment interest for the period between entry of the first judgment and the second. Accordingly, the trial court's order is

Affirmed.

Judges McCULLOUGH and ELMORE concur.