WMS, INC. AND CELLULAR PLUS OF NORTH CAROLINA, INC., PLAINTIFFS v. JERRY W. WEAVER, ALLTEL COMMUNICATIONS, INC., AND ALLTEL COMMUNICATIONS OF THE CAROLINAS, INC., DEFENDANTS

No. COA06-723

(Filed 15 May 2007)

**Interest— postjudgment—partial payment**

The trial court did not err in a breach of the covenant of good faith and fair dealing and unfair and deceptive trade practices case by allowing a motion in the cause filed by defendant to declare that the judgment issued in this action was satisfied in full, and by determining that plaintiffs were not entitled to postjudgment interest from 2 December through 16 December 2005, because: (1) N.C.G.S. § 1-239 provides that to satisfy a judgment, partial payments may be tendered and such payments may be made to either the clerk of court or the judgment creditor; (2) tender of partial payment stops the accrual on all but the unpaid portion of the judgment; (3) defendant attempted to tender payment in satisfaction of a judgment and did so to multiple payees, one of whom was unwilling to endorse such payment; (4) the check for $3,960,960.19, which represented the original judgment amount plus 8% interest, was a partial payment in satisfaction of the judgment owed to plaintiffs; and (5) two weeks later, defendant tendered a check for $3,961,675.19 (the amount owed on 2 December 2005 plus the $715 that was not included in the 2 December 2005 check).

Appeal by plaintiffs from an order entered 22 February 2006 by Judge Ripley E. Rand, in Wake County Superior Court. Heard in the Court of Appeals 24 January 2007.

*Herring, McBennett, Mills & Finkelstein, P.L.L.C., by Mark A. Finkelstein and J. Aldean Webster, III, for plaintiffs.*

*Womble, Carlyle, Sandridge & Rice, P.L.L.C., by Pressly M. Millen, for defendants.*

BRYANT, Judge.

WMS, Inc. and Cellular Plus of North Carolina, Inc. (Cellular Plus-plaintiffs) appeal from an order entered 22 February 2006 allowing a motion in the cause filed by Alltel Communications, Inc. (defendant). The order "declare[d] that the judgment issued in this action is satisfied in full and the Clerk of Superior Court is directed to mark such judgment satisfied in full." Specifically, this appeal addresses whether plaintiffs were owed post-judgment interest. We determine they were not.

On 2 December 2005 defendant tendered a check to plaintiffs as payment for the judgment against defendant for breach of the covenant of good faith and fair dealing and for unfair and deceptive trade practices. The 2 December 2005 check was for a total of $3,960,960.19, which represented the original judgment amount plus 8% interest. This check stated that it was in full and final payment of such judgment. However, the check was made jointly payable to multiple payees, including WMS, Inc. who refused to endorse the check because of other pending litigation with defendant. On 12 December 2005, plaintiffs informed defendant that plaintiffs would not endorse the check because it was $715.00 less than full payment on the amount of the total judgment and the check was made jointly payable to all plaintiffs. Plaintiffs returned this check to defendant and requested that another check be issued.

On 16 December 2005, defendant issued a second check, made payable to the Wake County Clerk of Superior Court, for $3,961,675.19 (the amount owed on 2 December 2005 plus the $715 that was not included in the 2 December 2005 check). On 22 December 2005, defendant filed a motion in the cause and requested that the trial court declare and mark the judgment as being satisfied in full as a result of the tender of the 16 December 2005 check. The trial court allowed defendant's motion. Plaintiffs appeal.

---

The dispositive issue is whether tender of the 2 December 2005 check stopped the accrual of post-judgment interest for the period of 2 December through 16 December 2005 (the date of defendant's tender of the second check). Plaintiffs contend that post-judgment interest continued to accrue on the entire judgment from 2 December until 16 December in the amount of $9,937.50.

N.C. Gen. Stat. § 1-239(a), in pertinent part, states:

(1) The party against whom a judgment for the payment of money is rendered by any court of record may pay the whole, or any part thereof, in cash or by check, to the clerk of the court in which the same was rendered, although no execution has issued on such judgment.

. . .

(4) When a judgment has been paid in part, but not in full, the clerk shall furnish a certificate of partial payment to the clerk of superior court of any county to which a transcript of a judgment has been sent, but only upon the request of that clerk or of the party who made the partial payment.

N.C. Gen. Stat. § 1-239(a) (2005). The plain language of the statute indicates that to satisfy a judgment, partial payments may be tendered and such payments may be made to either the clerk of court or the judgment creditor. N.C. Gen. Stat. § 1-239(c) (2005). Furthermore, tender of partial payment stops the accrual on all but the unpaid portion of the judgments. *Webb v. McKeel*, 144 N.C. App. 381, 551 S.E.2d 440, 441-42 (2001).

In *Webb*, the defendant attempted tender of payment of a judgment to plaintiff by a check which was $49.11 short. After dismissal of an appeal in the case, plaintiff demanded payment in an amount which reflected post-judgment interest on the entire amount, including the previously rejected amount. After trial, the court allowed defendant's motion in the cause and plaintiff appealed on the grounds that "the tender was invalid as a matter of law." *Id.* However, the Court held the defendants only owed the $49.11 plus interest because

Were we to find for plaintiffs, judgment creditors could refuse tenders that were a mere penny short and later capitalize by collecting interest on the full amount, as opposed to the penny short.

*Id.* at 385, 551 S.E.2d at 442.

In the present case, defendant attempted to tender payment in satisfaction of a judgment and did so to multiple payees, one of whom was unwilling to endorse such payment. Our review of the record indicates the check for $3,960,960.19, which represented the original judgment amount plus 8% interest, was a partial payment in sat-

isfaction of the judgment owed to plaintiffs. *See Webb* at 385, 551 S.E.2d at 442 (holding the defendant's first tender "was not invalid, but partial"). Two weeks later, defendant tendered a check for $3,961,675.19 (the amount owed on 2 December 2005 plus the $715 that was not included in the 2 December 2005 check). In light of the plain meaning of N.C.G.S. § 1-239 and the holding in *Webb*, we affirm the trial court's decision to allow defendant's motion in the cause.

Affirmed.

Judges McGEE and ELMORE concur.